IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER H. HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>130% LOAN SHARKS,<br><br>Defendant. | 8:21CV128<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is unintelligible. There is no identifiable defendant and no coherent statement of a claim for relief from the court.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). Plaintiff's statements of his claim and of the relief requested read:

> The City of Omaha is under Alert from other States of Ruin
>
> Communication, Screwed up Mail System and the Govt Strangulation is linked to lynching of Barbaric State of Mind of Covid-19-Corona Virus
>
> Doc. 180 No. 281 Insanity Precedent
>
> I was arrested for protecting my mother and bonded out to not have the loan shark money. It was a set up to show up at 61st Ames.

> Is to be as the Bill Board says Martel Spirits of Relaxing make your statement: All Soldiers of War after their Battle would Drink Hennessy Brandy. My introduction of War is Martel Conyac/or Brandy. My Battles were won to be born again after pronounced Dead. Jesus is the living God. (A Essay of the Events, Counseling with 2-shots of Martel Brandy.)
>
> Re-lisence the Shelter's from Dogs of Disobedience of to make a Complete Community wear Dog Masks as Animal's.
>
> Dogs have the same traits of Behavior as humans. Covid-19-Corona Virus is of myself the wrong diagnosis to be choked with a dogs device.
>
> Then to adapt to being a Police Officer. I ask only what is recommended.

(Filing 1, p. 4.) In addition, every pleading must have a title in the caption which "must name all the parties . . .." Fed. R. Civ. P. 10(a). The title to Plaintiff's Complaint reads:

> 3207 Hamilton; Home Evasion
> Mary E. Holloway; K-9 Officer Handler Walter H. Holloway
> Friends Without Counseling and care of
> having sex with lobotomy corpses/Brain
> Dead Females on Grace Street 911 – Housing Omaha NE
>       v.
> 130% Loan Sharks of Charging 3-times
> The Rent or % Pay Back knowing they
> Control the Mail and Fear of Intimidation, with physical Artications

(Filing 1, p. 1.) Elsewhere on the Complaint form Plaintiff lists four defendants: (1) "Father – Now Decease Loan Sharks," (2) "Sister of Planned Conspiracy, Loan Shark," (3) "Best Friend, Bus N Observation, Loan Sharks 61st Ames," and (4) "Best Friend, Homebody of Observation Loan Sharks." (Filing 1, p. 2.)

Although Plaintiff does not request leave to amend his Complaint, such leave shall not be granted sua sponte because any such amendment would be futile due to

Plaintiff's failure to state a claim upon which relief can be granted. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").[1]

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. Judgment will be entered by separate document.

Dated this 10th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[1] In a Memorandum and Order entered in Case No. 8:20CV490 on December 17, 2020 (Filing 6), the court prospectively imposed filing restrictions on Plaintiff as a result of the large number of pro se, in forma pauperis cases he has filed recently that were dismissed as frivolous.